**OKLAHOMA CITY, a Municipal Corporation, Petitioner,**

v.

**Georgia Lee HILTERBRAN and State Industrial Court, Respondents.**

No. 48874.

Supreme Court of Oklahoma.

Nov. 9, 1976.

Rehearing Denied Feb. 9, 1977.

Walter M. Powell, Ron V. Collier, Oklahoma City, for petitioner.

William H. Henderson, Oklahoma City, for respondents.

HODGES, Vice Chief Justice.

This is an original proceeding to review an order awarding fifteen per cent permanent partial disability to the right foot as the result of accidental injury sustained during employment as a school crossing guard. On en banc appeal, the State Industrial Court affirmed the order of the trial judge which specifically found the claimant was engaged in hazardous employment. Petitioner seeks review and vacation of this order.

The petitioner, an own risk employer, asserts on appeal that: the claimant, Georgia Lee Hilterbran, was not engaged in hazardous employment as defined under 85 O.S. 1974 Supp. § 2;[1] school crossing guards are not among the classified employees covered either by the statute or by the petitioners own risk policy; and that the State Industrial Court had no jurisdiction to hear and determine the claim. No issue was raised concerning the estoppel provisions of 85 O.S.1971 §§ 65.2, 3 and this issue is not involved on review.

Claimant argues that her employment as a school crossing guard was determined to be hazardous because she was a member of the police department and because § 2 specifies coverage to "all other persons engaged in hazardous employment for any incorporated city or town." The following facts support claimant's position: the claimant was hired by the Oklahoma City Police Department; paid by the department every two weeks by picking up her check at the department; required to wear a uniform prescribed by the department; issued and

---

1. 85 O.S.1974 Supp. § 2 provides in pertinent part:

"Compensation provided for in this act shall be payable for injuries sustained by employees engaged in the following hazardous employments . . . school district employees engaged in hazardous employment, uniformed personnel of State Highway Patrol, State Crime Bureau, county sheriffs and deputies, members of a police department, members of garbage and sanitation departments and fire departments, of any incorporated city or town, and all other persons engaged in hazardous employment for any incorporated city or town."

required to wear a numbered badge which bore the legend Oklahoma City School Police; subjected to moral and physical examinations before employment; photographed and fingerprinted by the department, and issued instructions concerning performance of her duties as a school crossing guard by the department.

Petitioner argues that the statute is applicable only to commissioned police officers with the power to arrest given a peace officer by statute. We do not find this argument persuasive. We find claimant is covered by the statute because she is a member of the Oklahoma City Police Department.

AWARD SUSTAINED.

DAVISON, BERRY, LAVENDER, BARNES, SIMMS and DOOLIN, JJ., concur.

WILLIAMS, C. J., and IRWIN, J., dissent.

IRWIN, Justice, dissenting:

In my opinion, claimant is not a member "of a police department" of an incorporated town or city, as that term is employed in our Workmen's Compensation Act, and I respectfully dissent.

Pursuant to 11 O.S.Supp.1973, § 16.3, the City of Oklahoma City adopted a Resolution on June 12, 1973, extending Workmen's Compensation benefits to all its *classified* employees. Claimant, a school crossing guard, is not a classified but an unclassified employee of the City. She works on a daily pay-rate basis. She is not entitled to become a member of the retirement fund, nor accumulate either sick or vacation leave. She is not entitled to other benefits allowed regular, classified employees.

Claimant was required to wear a wave-type cap and a badge. Although the dress code did require a "blue-black jacket or white blouse and a blue-black skirt or slacks", she did not wear a uniform. Claimant's immediate supervisor testified that school crossing guards "dress in such a fashion that the public could recognize them as a school crossing guard, and we emphasize

they shouldn't wear what would be a police uniform."

Claimant was required to carry a red warning flag and was responsible for escorting school children across streets. Claimant had no police powers or authority of a policeman. She had no authority to direct traffic and was specifically ordered not to attempt to direct traffic under any circumstances. She was authorized to use a police whistle only for the purpose of attracting school children's attention.

In my opinion, to sustain this award we would have to hold as a matter of law that claimant was a member "of a police department" within the purview of the Workmen's Compensation Act; that City's classification of school crossing guards as unclassified employees was unauthorized; and as a matter of law, claimant was engaged in a hazardous occupation within the purview of the Workmen's Compensation Act.

I respectfully dissent.